United States District Court
Southern District of Texas
**ENTERED**
April 03, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SYLVESTER CHAPPLE, | § | |
| | § | |
| *Plaintiff,* | § | |
| VS. | § | CIVIL ACTION NO. 4:25-cv-5097 |
| | § | |
| BENJAMIN GUY WISWELL and BISSON | § | |
| TRANSPORTATION, INC., | § | |
| | § | |
| *Defendants.* | § | |
| | § | |

## ORDER

Before the Court is Defendants Benjamin Guy Wiswell and Bisson Transportation, Inc's Motion to Strike Plaintiff's Notice of Serving Medical and Billing Record Affidavits. (Doc. No. 10). Plaintiff Sylvester Chapple did not respond to the motion.

Plaintiff filed his Notice of Filing and Service of Records and Affidavits Concerning Reasonable Cost and Necessity of Services. (Doc. No. 10). That notice informed Defendants that, pursuant to Texas Civil Practices and Remedies Code Sections 18.001 and 18.002 and Texas Rule of Evidence 902(10), Plaintiff intends to introduce 15 different affidavits into evidence during trial to prove the reasonableness and necessity of his medical expenses. (*Id.*). Defendants moved to strike these affidavits, arguing that Section 18.001 does not apply in federal court. (Doc. No. 11 at 2).

Under Texas law, a plaintiff bears the burden of proving the actual amount, necessity, and reasonableness of her past medical expenses. *See Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 886 (5th Cir. 2004); *Monsanto Co. v. Johnson*, 675 S.W.2d 305, 312 (Tex. App.— Houston [1st Dist.] 1984, writ ref'd n.r.e). "Traditionally, expert testimony was the only acceptable means of proving the reasonableness and necessity of past medical expenses." *Rahimi v. United*

*States*, 474 F. Supp. 2d 825, 826 (N.D. Tex. 2006) (citing *Castillo v. American Garment Finishers Corp.*, 965 S.W.2d 646. 654 (Tex. App.—El Paso 1998, no pet.)). Following the enactment of Tex. Civ. Prac. & Rem. Ann. § 18.001, the Texas Legislature permitted plaintiffs to submit affidavits to prove the necessity and reasonableness of medical expenses. *See id.* § 18.001.

To the extent that Defendants argue that Plaintiff's § 18.001 affidavits, on their own, may not prove up the reasonableness and necessity of Plaintiff's medical expenses, this Court agrees. Section 18.001 is a procedural act and not applicable in federal court. *Haygood v. De Escabedo*, 356 S.W.3d 390, 397 (Tex. 2011); *see also Escobar v. Duke Realty Corp.*, 2021 WL 1326285, at *3 (S.D. Tex. April 8, 2021); *Espinoza v. State Farm Mut. Auto. Ins. Co.*, No. 7:19-cv-00299, 2020 WL 4333558, at *7 (S.D. Tex. July 28, 2020) (Alvarez, J.); *Akpan v. U.S.*, No. CV H-16-2981, 2018 WL 398229, at *3 (S.D. Tex. Jan. 12, 2018) (Atlas, J.); *Jones v. QuikTrip Corp.*, No. 3:19-CV-2671-D, 2020 WL 6149967, at *2 (N.D. Tex. Oct. 20, 2020). Plaintiff should be aware that although a custodian of Plaintiff's medical records, unless otherwise qualified by evidence of expertise, is permitted to provide evidence that might establish the records as business/medical records, a records custodian is not normally an expert who is permitted to testify as to the reasonableness or necessity of Plaintiff's medical expenses. Should this case proceed to trial, however, if properly disclosed, Plaintiff's treating physicians, or other properly disclosed experts, assuming they have the requisite background, may opine as to and prove the reasonableness and necessity of Plaintiff's medical expenses.

Accordingly, Defendants' motion is **GRANTED in part** and **DENIED in part**. The Court will not strike the affidavits insofar as they may provide the basis for their admission into evidence. The Court grants the motion to strike insofar as Plaintiff seeks to use them to prove the reasonableness and necessity of his medical expenses.

It is so ordered.

Signed on this the ___3'ᵈ___ day of April, 2026.

_____

Andrew S. Hanen
United States District Judge